UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------
:
CHRISTOPHER WRIGHT, :
*on behalf of himself and all others* :
*similarly situated*, : CASE NO. 5:18-cv-372
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 22]
PHYSICIANS & SURGEONS :
AMBULANCE SERVICE, INC., d/b/a :
AMERICAN MEDICAL RESPONSE, :
:
      Defendant. :
:
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Christopher Wright alleges that his former employer, Physicians & Surgeons Ambulance Service, Inc. ("Physicians"), incorrectly calculated his overtime rate in violation of the Fair Labor Standards Act ("FLSA") and the Ohio overtime compensation statute.

Plaintiff Wright now moves for conditional certification of a FLSA collective action for himself and others similarly situated.[1] Defendant Physicians opposes.[2]

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for conditional certification.

## I. Background

Defendant Physicians provides emergency and non-emergency medical transportation services.[3] Physicians paid Plaintiff Wright overtime compensation. Wright says Physicians did not pay the correct overtime rate because Physicians failed to factor a signing bonus into the compensation rate.

---

[1] Doc. 22. Defendant Physicians oppose. Doc. 23. Plaintiff Wright replies. Doc. 25.
[2] Doc. 23.
[3] Doc. 1 ¶ 14; Doc. 14 ¶ 14.

Case No. 5:18-cv-372
Gwin, J.

Christopher Wright worked as an hourly non-exempt employee for Defendant Physicians.[4] Most recently, he was employed as an Emergency Medical Technician (EMT).[5]

Defendant Physicians paid Wright's overtime rate on his regular hourly wage.[6] But in addition to hourly wages, Defendant Physicians provided Wright with a signing bonus.[7] Plaintiff Wright worked overtime during the year when Wright received the bonus.[8]

Plaintiff Wright argues that his overtime rate also should include his bonus, not just his regular hourly wage. Thus, he alleges that he is owed additional overtime pay.

Plaintiff Wright now moves to conditionally certify a collective action of Defendant's current or former EMTs, Paramedics, Field Training Officers, and Wheelchair Car Drivers ("Putative Class") under 29 U.S.C. § 216(b).[9]

## II. Legal Standard

Under 29 U.S.C. § 216(b), a FLSA plaintiff can bring a representative action for himself and similarly situated persons when (1) the plaintiffs are actually similarly situated and (2) all plaintiffs have signaled in writing their affirmative consent to participate in the action.[10]

Courts use a two-stage approach to certifying collective actions under this provision.

This first stage is the notice stage. When moving for conditional certification, a plaintiff need only make a "modest factual showing" that their "position is similar, not identical, to the positions held by the putative class members."[11] At this stage, the showing is "fairly lenient," and "typically results in conditional certification of a representative class."[12]

---

[4] Doc. 1 ¶ 7; Doc. 14 ¶ 18.
[5] Doc. 1 ¶ 7; Doc. 14 ¶ 17.
[6] Doc. 1 ¶ 21; Doc. 14 ¶ 18.
[7] Doc. 1 ¶ 15; Doc. 22-1 at 1; Doc. 23 ¶ 8.
[8] Doc. 1 ¶ 20; Doc. 22-1 ¶ 5.
[9] Doc. 22.
[10] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citations omitted).
[11] *Id.* at 546–47 (internal quotations omitted).
[12] *Id.* at 547 (internal quotation marks omitted).

Case No. 5:18-cv-372
Gwin, J.

The second-stage determination occurs after discovery is largely complete, and typically follows a defendant's motion for decertification.[13] At this stage, courts have more information on which to make a factual determination of whether class plaintiffs are similarly situated.[14]

Because of the two-stage approach, the initial certification is "by no means final."[15]

### III. Analysis

Plaintiff Wright alleges that he and Putative Class members were paid insufficient overtime in violation of the FLSA. In support of his motion for conditional certification, Plaintiff provides his own sworn declarations and three opt-in plaintiffs' declarations.[16]

Defendant Physicians opposes conditional certification on several grounds.

### A. Plaintiff Wright Satisfies the Minimal Proof Requirement for Conditional Certification

Plaintiff's showing is sufficient to conditionally certify the collective action. He shows that he and Putative Class members are similarly situated.

More specifically, Wright and the opt-in plaintiffs' declarations show that (1) Defendant gave signing bonuses to Plaintiff and the proposed class; (2) Plaintiff and Putative Class members worked more than forty hours in one or more workweeks during the period covered by the bonus; and (3) Defendant did not include the signing bonus when calculating Plaintiff and the Putative Class's overtime rate.

Despite Defendant's arguments to the contrary,[17] Plaintiff Wright has satisfied the minimal proof requirement.[18] At this first stage, Plaintiff need make only a colorable claim that he was paid

---

[13] *Albright v. Gen. Die Casters, Inc.*, No. 5:10-CV-480, 2010 WL 6121689, at *2 (N.D. Ohio July 14, 2010) (citing *Hipp v. Liberty Nat'l Ins. Co.*, 252 F.3d 1208, 1213–14 (11th Cir. 2001)).
[14] *Comer*, 454 F.3d at 547.
[15] *Id.* at 546 (citation omitted).
[16] Doc. 22-1.
[17] Doc. 23 at 6, 8, 12–13, 18 (arguing that opt-in plaintiffs' declarations do not support the material allegations in the complaint).
[18] *See Comer*, 454 F.3d at 547 (explaining that the first stage requires only a "modest factual showing").

-3-

insufficient overtime and that others were similarly underpaid.[19] In the past, evidence of a single company-wide payroll manager and pay stubs coming from a single payroll-processing company have satisfied this low bar.[20] And Plaintiff Wright's showing satisfies this needed showing.

Defendant's other arguments go to the merits of the FLSA claim[21] or require a legal determination.[22] Because the collective action decision deals only with the threshold analysis of whether Plaintiff and Putative Class members are similarly situated, consideration of these arguments should come later.[23]

### B. Plaintiff Wright's Modified Proposed Class Definition Is Granted in Part and Denied in Part

Plaintiff Wright has proposed slightly different Collective Class definitions.[24]

As finally submitted, Plaintiff seeks a collective action for all persons who received the signing bonus within the three years before this action.

Defendant objects and says that any collective action should not include employees who were part-time employees, who did not work more than forty hours in any week, or who did not complete the bonus period of one or two years.

Because Plaintiffs seek increased overtime payments, the Court will limit the collective class to employees with forty-plus-hours-workweeks. And because the bonus payment agreements reflected work in either one or two years, the Court will require the forty-plus-hour-workweek have occurred in either period covered by the bonus agreement.

---

[19] *Hamilton v. Metro. Properties of Am., Inc.*, No. 1:14-CV-02175, 2015 WL 845919, at *2–3 (N.D. Ohio Feb. 25, 2015).

[20] *Id.* at *1–3 (finding that this showing was sufficient for the first-stage determination of whether a proposed group of plaintiffs is similarly situated, where the named plaintiff claimed that her overtime rate should have taken into account her periodic commissions).

[21] *See* Doc. 23 at 6–7, 15–19 (arguing that Plaintiff has failed to present evidence of a policy that violates FLSA because the signing bonuses were discretionary gifts that would not appropriately be factored into the rate of pay).

[22] *See id.* at 11–12 (arguing that the putative class members are not similarly situated because the three opt-in plaintiffs did not remain full-time employees for the periods specified in their signing bonus contracts).

[23] *See, e.g., Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) ("During this preliminary stage, a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.").

[24] *Compare* Doc. 22 at 3, *with* Doc. 1 ¶ 24.

Defendant seeks to limit the collective action to employees who completed the bonus period. While the failure to complete the bonus period may give Defendant a defense to any overtime obligation, the Court finds we can better address this issue on the merits.

The Court defines the collective action as "All former and current EMTs, Paramedics, Field Training Officers, and Wheelchair Car Drivers employed by Defendant within three years preceding the date of filing of the Complaint to the present and who worked more than forty hours during any work week and who received a signing bonus."

## Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for conditional certification.

The Court **ORDERS** that, within fourteen days of the date of this Order, Defendant Physicians provide Plaintiff Wright with information about individuals from the above-defined class that includes their full name, dates of employment, last known home address, and last known personal e-mail address.

Additionally, the Court **ORDERS** that, within fourteen days of the date of this Order, the parties shall submit to the Court proposed language for the notification and consent forms that shall be issued to apprise potential plaintiffs of their rights under the FLSA to opt-in as parties to this litigation. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."[26]

The Court also **ORDERS** that, within fourteen days of the Court's order approving the notice, the notice be sent to the individuals within the above-defined class using the home and e-mail addresses provided.

---

[26] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

Case No. 5:18-cv-372
Gwin, J.

Lastly, the Court **ORDERS** that duplicate copies of the notice may be sent in the event that new, updated, or corrected mailing addresses or e-mail addresses are found for one or more of such present or former employees.

IT IS SO ORDERED.

Dated: September 21, 2018              *s/       James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE