IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER WRIGHT**, on behalf of himself and others similarly situated, | )<br>)<br>) Case No. 5:18-CV-00372-JG |
| Plaintiff, | )<br>) JUDGE JAMES S. GWIN |
| vs. | )<br>) **PRELIMINARY ORDER APPROVING**<br>) **OHIO CLASS ACTION** |
| **PHYSICIAN'S & SURGEON'S AMBULANCE SERVICE, INC. D/B/A AMERICAN MEDICAL RESPONSE,** | ) **SETTLEMENT AGREEMENT AND**<br>) **NOTICE**<br>)<br>) |
| Defendant. | ) |

Representative Christopher Wright (the "Representative Plaintiff"), and Defendant Physicians & Surgeons Ambulance Service, Inc. d/b/a American Medical Response ("Defendant") have moved the Court to preliminarily approve, as fair and reasonable, the Ohio Rule 23 Class Action Settlement Agreement ("Settlement Agreement") between the Representative Plaintiff, on behalf of himself and on behalf of the Ohio Rule 23 Class Members (as defined herein) and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Preliminary Approval of Ohio Class Action Settlement ("Motion for Preliminary Approval"), the Declaration of Hans A. Nilges appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Preliminary Order granting preliminary approval of the Ohio Class Action Settlement, and approving notice to the Ohio Rule 23 Class Members as follows:

1. Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as defined in the Settlement Agreement.

2. On February 15, 2018, the Class Representative Plaintiff Christopher Wright filed this Action, alleging that Defendant violated the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201-219 *et seq.*) and the Ohio overtime statute (Ohio Rev. Code Ann. §4111.03 *et seq.*) ("OMFWSA") by failing to pay Plaintiff and other similarly situated employees all of their overtime pay. Specifically, Plaintiff alleged Defendant did not pay the correct overtime rate because Defendant allegedly failed to factor into the regular rate of pay certain sign-on bonuses paid to Plaintiff and putative class members upon being hired,. (Doc. #1).

3. Defendant denied the allegations and claims, and asserted various affirmative defenses, including the defenses of offset/set-off and prior material breaches of the sign-on bonus contracts by Plaintiff and other putative class members. If proven, certain of these defenses would entitle Defendant to repayment or reimbursement of the sign-on bonuses previously paid out to putative class members but not earned under the terms of their sign-on bonus contracts (Doc. #14).

4. The Parties have exchanged and analyzed factual disclosures and employee timekeeping and payroll data. The Parties have also engaged experts and/or knowledgeable accounting personnel to review the timekeeping and pay records.

5. The Parties engaged in early settlement discussions, which eventually led to a settlement being reached. The terms of the settlement are reflected in the Settlement Agreement.

6. The Settlement Agreement proposes to settle claims of the Ohio Class Representative and the Ohio Class Members (as defined herein). The Ohio Class Action Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

7. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

8. As to the Representative Plaintiff and the Ohio Rule 23 Class Members he represents, the Court finds that the proposed settlement classes qualify for provisional certification under Rule 23(a) and (b)(3) and the proposed settlement qualifies for preliminary approval under Rule 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. The Representative Plaintiff Christopher Wright is an adequate representative of the Ohio Rule 23 Class – he is a member of the Ohio Rule 23 Class and he possesses the same interests and suffered the same alleged injuries as the Ohio Rule 23 Class Members. The definition of the Ohio Rule 23 Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Ohio Rule 23 Class Members are commensurate with their claims. The Court finds there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable and adequate as to the Ohio Rule 23 Class.

9. The Court provisionally certifies the Ohio Rule 23 Class pursuant to Rule 23(a) and (b)(3) as consisting of the two subclasses: "Qualified EMTs and Paramedics Subclass" consists of EMTs and Paramedics who entered into sign-on bonus contracts upon commencement of their employment with Defendant, and who remained as a full-time employee for the entire period required under their sign-on bonus contracts (either 1 year for EMTs or 2 years for Paramedics), and who worked more than forty (40) hours in any workweek during the period their sign-on bonus contracts were in effect. The "Non-Qualified EMTs and Paramedics Sub-Class" consists of EMTs and Paramedics who entered into sign-on bonus contracts upon commencement of their employment with Defendants, and who did **not** remain as a full-time employee for the entire period required under their sign-on bonus contracts (either 1 year for EMTs or 2 years for Paramedics),

but who also worked more than forty (40) hours in any workweek during the period their sign-on bonus contracts were in effect. Both the Qualified EMTs and Paramedics Sub-Class Members and the Non-Qualified EMTs and Paramedics Sub-Class Members are separately in **Exhibit A** of the Settlement Agreement.

10. The Court approves Christopher Wright as the Representative Plaintiff of the Ohio Rule 23 Class, and appoints as class counsel, Hans A. Nilges, Shannon M. Draher, and Robi J. Baishnab of Nilges Draher LLC.

11. The Court provisionally approves the Service Award for Christopher Wright in recognition of his services in this Action.

12. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

13. The Court grants preliminary approval of the proposed settlement as to the Ohio Rule 23 Class under Rule 23(e).

14. The Court directs that the members of the classes be given notice of the pendency of this Action, the proposed settlement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed settlement may be considered. The Ohio Class Action Settlement Notice attached as **Exhibit C** to the Settlement Agreement is approved as to substance, form, and manner of distribution.

15. The Fairness Hearing will be held on ___June 6, 2019___ **[DATE TO BE SET BY COURT MORE THAN 120 DAYS AFTER THIS ORDER IS ENTERED]** at ____9:00 a.m.____ **[TIME TO BE SET BY COURT]**. Ohio Rule 23 Class Members requesting exclusion from the Ohio Rule 23 Class Action Settlement and/or objecting to the Ohio Rule 23 Class Action Settlement must timely request exclusion and/or file objections in the time and the

- 4 -

manner set forth in the form of Ohio Rule 23 Class Action Settlement Notice attached as **Exhibit C** to the Settlement Agreement. Specifically, the Ohio Class Members must take such steps by not later than forty-five (45) days after the initial mailing of the Ohio Rule 23 Class Action Settlement Notice.

16. The Court approves the proposed Ohio Rule 23 Class Action Settlement Notice and orders that it be distributed to the members of the Ohio Rule 23 Class in the manner described in the Settlement Agreement.

17. Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Ohio Rule 23 Class Action Settlement Notice was distributed to the Ohio Class Members in the form and manner approved herein.

18. Within ninety (90) days after mailing of the Ohio Rule 23 Class Action Notice, the Parties will file a Joint Motion for Final Approval of the Ohio Rule 23 Class Action Settlement.

19. The Court orders that, pending Final Approval, each Ohio Rule 23 Class Member is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Ohio Class Action Settlement Agreement.

IT IS SO ORDERED this __30th__ day of ____January____, 2019.


                                                 *s/ James S. Gwin*
                                                 Honorable James S. Gwin
                                                 United States District Court Judge

4846-3737-1782.1