IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER WRIGHT**, on behalf of himself and others similarly situated, ) ) | Case No. 5:18-CV-00372-JG |
| Plaintiff, ) ) | JUDGE JAMES S. GWIN |
| vs. ) ) ) | **ORDER GRANTING FINAL APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |
| **PHYSICIAN'S & SURGEON'S AMBULANCE SERVICE, INC. D/B/A AMERICAN MEDICAL RESPONSE,** ) ) ) ) | |
| Defendant. | |

This matter is before the Court on the Parties' Joint Motion for Final Approval of FLSA Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by the Parties and memorialized in the Joint Stipulation Regarding FLSA and Class Action Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Hans A. Nilges, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement as it applies to the FLSA, the proposed Service Award to the Representative Plaintiff Christopher Wright, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. On February 15, 2018, the Class Representative Plaintiff Christopher Wright filed this Action, alleging that Defendant violated the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201-219 *et seq.*) and the Ohio overtime statute (Ohio Rev. Code Ann. §4111.03 *et seq.*) ("OMFWSA") by failing to pay Plaintiff and other similarly situated employees all of their overtime pay. Specifically, Plaintiff alleged Defendant did not pay the correct overtime rate because Defendant allegedly failed to factor into the regular rate of pay certain sign-on bonuses paid to Plaintiff and putative class members upon being hired. (Doc. #1).

3. Defendant denied the allegations and claims, and asserted various affirmative defenses, including the defenses of offset/set-off and prior material breaches of the sign-on bonus contracts by Plaintiff and other putative class members. If proven, certain of these defenses would entitle Defendant to repayment or reimbursement of the sign-on bonuses previously paid out to putative class members but not earned under the terms of their sign-on bonus contracts (Doc. #14).

4. On or about September 21, 2018, the Court granted in part, and denied in part, Plaintiff's motion for conditional certification of the FLSA class (Doc. #28). Thereafter, notice was sent out to putative class members allowing them to opt-in to the defined FLSA class (Doc. ##s 30-31). At the close of the opt-in period, a total of twelve (12) putative class members had filed opt-in and consent forms with the Court (*i.e.*, the "FLSA Class").

5. The Parties have exchanged and analyzed factual disclosures and employee timekeeping and payroll data. The Parties have also engaged experts and/or knowledgeable accounting personnel to review the timekeeping and pay records.

6. The Parties engaged in early settlement discussions, which eventually led to a settlement being reached. The terms of the settlement are reflected in the Settlement Agreement.

7. The FLSA Collective Action Settlement will cover the FLSA Class Members and respective individual FLSA class member payments as listed in **Exhibit B** of the Settlement Agreement.

8. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the FLSA Class Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

9. The Court approves the Agreement and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the FLSA Collective Action Settlement as to the FLSA Class Representative and the FLSA Class Members.

10. The Court finds that the proposed allocation and calculation of the settlement payments to the FLSA Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the settlement payments.

11. The Court dismisses the FLSA claims of the FLSA Class Members and enters final judgment dismissing them from the Action, except to the extent that Representative Plaintiff shall remain through final approval of the Ohio Rule 23 Class settlement. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Approving FLSA Settlement immediately.

- 4 -

12. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**SO ORDERED:**

Date: __1/30/19_____     __*s/ James S. Gwin*_____
                                                                  Honorable Judge James S. Gwin
                                                                  United States District Judge

4848-3437-2998.1